IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 04-D-2248 (MJW)

WILLIS ROUSE,

      Plaintiff,

v.

COLORADO STATE BOARD OF PAROLE and PAROLE OFFICER SHERRI
STONEKING,

      Defendants.

---

**ORDER REJECTING RECOMMENDATION OF MAGISTRATE JUDGE**

---

I.    <u>INTRODUCTION</u>

      This matter is before the Court on Plaintiff's Prisoner Complaint filed October

28, 2004 and his Amended Prisoner Complaint filed November 8, 2004.  Defendants

filed a Motion to Dismiss on January 10, 2005.  This motion was referred to

Magistrate Judge Watanabe pursuant to a general Order of Reference filed December

17, 2004.

      On May 11, 2005, a Recommendation regarding Defendants Colorado State

Board of Parole, and Sherri Stoneking's Motion to Dismiss Complaint (Docket No.

25); and Plaintiff's Amended Complaint (Docket No. 7) was filed.  This

Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1),

FED. R. CIV. P. 72(b).  Magistrate Judge Watanabe recommends therein that the case

be dismissed for lack of subject matter jurisdiction.  Recommendation at 7.

More specifically, Magistrate Judge Watanabe finds that given the nature of the

relief sought by Plaintiff, the Court should decline to consider the action as a civil

rights action pursuant to 42 U.S.C. § 1983.  Id. at 3.  Instead, Plaintiff's "wrongful

imprisonment" claim relating to an alleged parole violation and Plaintiff's challenge to

the fact that he is being held beyond his statutory discharge date are more suited for

an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Id.  In other

words, the amended complaint should be construed as a direct challenge to the

parole hearing and the fact he was not released.  As such, the Recommendation

finds that this case should have been brought as a habeas petition.  Id. at 4.

Magistrate Judge Watanabe further notes that Plaintiff is apparently aware that

a habeas petition is the proper vehicle for his claim, as he previously filed an

Application for Writ of Habeas Corpus on August 10, 2004 (in 04-cv-1352-PSF-BNB)

that essentially raises the same claims against the same Defendants.  Id. at 5.

Since Plaintiff should be seeking relief through an Application for Writ of Habeas

Corpus, Magistrate Judge Watanabe found that it was unnecessary to address the

merits of Defendants' arguments in their motion to dismiss.  Id. at 6.  Instead, he

recommended that the case be dismissed for lack of subject matter jurisdiction.  Id.

at 7.

On May 23, 2005, Plaintiff filed a timely Objection.  Plaintiff states therein that this case involves a different time period than at issue in the habeas case (July 18, 2004 through October 25, 2004), and that the two cases are separate.  *See* Pl.'s Objection to Recommendation Regarding Docket # 25 and Docket # 7 at 1, filed May 23, 2005.  Plaintiff also asserts that he believes the Court does have subject matter jurisdiction over this case since his rights were violated and he is not seeking release.  *Id.* at 1-2.  Instead, he is seeking a judgment for wrongful/forced imprisonment (he claims that he should have been released June 18, 2004 but was held until October 25, 2004) and for due process violations associated with same.  *Id.* at 2.  Plaintiff requests that the Court set a hearing and appoint counsel for him.  *Id.* at 2-3.

On May 23, 2005, Plaintiff filed a response to Defendants' motion to dismiss.  I note that Plaintiff's objections claim to have filed a response earlier that was not received by the Court.

On June 14, 2005, Plaintiff filed a pleading entitled "Motion to accept further support of objection to Courts Recommendation . . . ."  To the extent that this motion seeks leave to supplement Plaintiff's earlier objections, that motion is granted.  In that pleading, Plaintiff attaches a Recommendation in the habeas petition that was filed June 6, 2005 (after Magistrate Judge Watanabe issued his Recommendation in this case).  Magistrate Judge Boland recommends therein that the habeas petition be dismissed as moot since Plaintiff had been released and was no longer in

confinement.  He further stated therein that an action under 42 U.S.C. § 1983 is the

proper remedy for Plaintiff to pursue his challenge.  That Recommendation was

adopted and affirmed by Judge Phillip S. Figa in an Order filed July 8, 2005.

    II.    <u>ANALYSIS</u>

    Plaintiff's objections necessitate a *de novo* determination as to those specified

proposed findings or recommendations to which objection is made since the nature

of the matter is dispositive.  FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).  The Court's

review of the history of this case shows that Plaintiff was told in this case through the

Recommendation of Magistrate Judge Watanabe that he needed to file a habeas

petition.  However, he was told in his habeas case that habeas relief was not

available to him and that he should pursue a civil rights action under 42 U.S.C. §

1983.

    I agree with Magistrate Judge Boland's Recommendation in the habeas case

that since Plaintiff has been released from prison and is no longer in confinement, a

habeas petition is not available to him.  *See* Recommendation filed June 6, 2005 in

04-cv-1352-PSF-BNB.[1]  Instead, since the complaint and amended complaint filed by

Plaintiff in this case appear to have been filed after his release from prison, this civil

rights action seems to be the proper mechanism for obtaining relief regarding his

alleged wrongful imprisonment.  The action is, however, subject to any valid legal

---

[1] To the extent Plaintiff asks that this case be stayed pending a final order in his habeas
case, that is moot since the habeas case was dismissed.

challenges made by Defendants.  Accordingly, I reject Magistrate Judge Watanabe's

May 11, 2005 Recommendation, since I find that dismissal is not proper on the

grounds articulated therein.

I also, however, deny without prejudice Defendants' motion to dismiss.  I find

that the Recommendations issued in this case and/or the habeas case may impact

arguments to be made in a motion to dismiss, and that the better course is to deny

the motion to dismiss without prejudice with leave to refile the motion within thirty (30)

days.

Based upon the foregoing, it is

ORDERED that the Recommendation Regarding Defendants Colorado State

Board of Parole, and Sherri Stoneking's Motion to Dismiss Complaint (Docket No.

25); and Plaintiff's Amended Complaint (Docket No. 7) filed May 11, 2005, is

**REJECTED**.  It is

FURTHER ORDERED that Defendants' Motion to Dismiss filed January 10,

2005, is **DENIED WITHOUT PREJUDICE**.  It is

FURTHER ORDERED that Defendants may refile a motion to dismiss (or other

dispositive motion) within thirty (30) days, on or before **Friday, October 28, 2005**

Dated:  September 28, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge