IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **04-cv-02248-WYD-MJW**

WILLIS ROUSE,

Plaintiff,

v.

COLORADO STATE BOARD OF PAROLE and
PAROLE OFFICE[R] SHERRI STONEKING,

Defendants.

---

**RECOMMENDATION ON
DEFENDANTS' RENEWED MOTION TO DISMISS COMPLAINT
(DOCKET NO. 65)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to a General Order of Reference to United States Magistrate Judge issued by District Judge Wiley Y. Daniel on December 17, 2004 (Docket No. 16).

Before the court is Defendants' Renewed Motion to Dismiss Complaint (Docket No. 65) and Brief in Support of Defendants' Renewed Motion to Dismiss Complaint (Docket No. 66) in which the defendants argue that the plaintiff's Amended Complaint should be dismissed because: (1) the Colorado Parole Board is immune from liability based on the Eleventh Amendment; and (2) damage suits cannot be brought against state officials in their official capacity, or alternatively, the pleading lacks a jurisdictional basis since it raises no federal question because damages cannot be obtained without

2

a prior determination that the criminal action was invalid. Plaintiff filed a response to the motion (Docket No. 68). The court now being fully informed makes the following recommendation on the defendants' motion.

For purposes of a motion to dismiss, the court must accept all factual allegations in the complaint as true and resolve all reasonable inferences in plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). A case should not be dismissed for failure to state a claim unless the court determines beyond doubt that plaintiff can prove no set of facts which entitles him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Since the plaintiff is not an attorney, his pleadings have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

When this action was commenced, pro se plaintiff Willis L. Rouse was in the custody of the Adams County Detention Facility at Brighton, Colorado. In his Amended Complaint, filed on November 8, 2004 (Docket No. 7), he raises one claim of "Wrongful

3

Imprisonment" (Am. Compl. at 4).  Plaintiff asserts that he was incarcerated on an alleged parole violation from July 25, 2003, to well beyond his June 18, 2004, statutory discharge date.  He claims that on May 26, 2004, the

> Parole Board and Parole Officer refused to revocate Plaintiff on parole complaint filed by Parole Officer Sherri Stone King and also refused to allow Plaintiff to self revocate his parole which violates CRS 17-2-103.5 in which Plaintiff would be allowed to self revocate parole at any time during a revocation proceedings because Plaintiff has multiple technical violations besides his pending charges.  Both Parole Officer and Parole Board refused to let plaintiff self revocate or even to plead guilty to technical parole violations to end or close the open complaint and the Board set his next hearing for 6 months in the future which has denied Plaintiff his due rights process [sic] on pending charges along with has wrongfully kept him imprisoned beyond his allready [sic] served term.

(Am. Compl. at 3).

> Plaintiff seeks the following relief in his Amended Complaint:
>
> For my parole to be discharged as my statutory discharge date has pasted [sic], For me to be allowed due Process on pending charges and to be released from my wrongful imprisonment and finally to be compensated for everyday I've been wrongfully imprisoned.  From June 18, 2004 to date 136 days as of this writing at $500.00 a day would be $68,000.00 to date and any further days that due rights are being violated and and [sic] Attorney fees that may be accured [sic].

(Am. Compl. at 8).

Plaintiff was finally given a parole revocation hearing on October 13, 2004, at the conclusion of which his parole was revoked.  Upon revocation of his parole, his sentence was deemed discharged, and the Parole Board is no longer holding the plaintiff.  (See Defs' Brief in Support of Defs' Renewed Mo. to Dismiss Compl. at 2 (Docket No. 66)).  Therefore, only plaintiff's claim for damages remains.

For the reasons discussed below, Defendants' Motion to Dismiss should be

4

granted in part and denied in part.

Defendants first assert that the Colorado Parole Board, which is a state agency created pursuant to § 17-2-201, C.R.S., is immune from liability pursuant to the Eleventh Amendment. Accordingly, defendants assert that the plaintiff's claims against the Parole Board must be dismissed.[1] This court agrees. "The Eleventh Amendment bars claims for damages against entities that are arms or instrumentalities of a state. . . . A parole board is an instrumentality of a state." Giese v. Scafe, 133 Fed.Appx. 567, 2005 WL 1332315, *1 (10th Cir. June 7, 2005).

Next, defendants note that there is no indication whether defendant Stoneking is being sued in her individual or her official capacity. This court agrees with defendant's assertion that if defendant Stoneking is being sued in her official capacity, the claim for damages must be dismissed. "[T]he Eleventh Amendment precludes a federal court from assessing damages against state officials sued in their official capacities because such suits are in essence suits against the state." Hunt v. Bennett, 17 F.3d 1263, 1267 (10th Cir. 1994).

Finally, citing and quoting Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), defendants seek dismissal of any suit for damages against Stoneking in her individual capacity based upon their assertion that damages cannot be obtained for wrongful imprisonment or matters ancillary to an allegedly wrongful imprisonment without first obtaining a judgment invalidating the imprisonment. In Heck, the U.S. Supreme Court

---

[1] Furthermore, they assert in a footnote that the Parole Board members have absolute immunity for actions taken within the scope of their employment. (Docket No. 66, n.2 - citing Malek v. Haun, 26 F.3d 1013 (10th Cir. 1994)).

5

held as follows:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted).

Defendants' reliance upon Heck, however, is misplaced. While the plaintiff is claiming unlawful imprisonment, judgment in his favor would not imply the invalidity of the plaintiff's conviction or sentence. Plaintiff is raising due process violations based upon purported inaction by the Parole Board and his parole officer which allegedly resulted in his being held well beyond his June 18, 2004, statutory discharge date. Furthermore, plaintiff has already filed a habeas petition concerning this matter, which on July 8, 2005, was denied as moot due to the plaintiff's release. See Civil Action No. 04-cv-01352-PSF-BNB - Docket No. 46). Therefore, it is recommended that this action not be dismissed based upon Heck as against defendant Stoneking in her individual capacity.

6

**WHEREFORE**, for the foregoing reasons, it is hereby

**RECOMMENDED** that the Defendants' Renewed Motion to Dismiss Complaint (Docket No. 65) be **GRANTED IN PART AND DENIED IN PART.** More specifically, it is recommended that defendants' motion be granted to the extent that the plaintiff's claims against the Parole Board and any claim against defendant Stoneking in her official capacity be dismissed. It is further recommended that the defendants' motion be denied, without prejudice, with respect to any claim for damages against defendant Stoneking in her individual capacity.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated: May 30, 2006                              s/ Michael J. Watanabe
      Denver, Colorado                           Michael J. Watanabe
                                                       United States Magistrate Judge