IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 04-cv-02248-WYD-MJW

WILLIS ROUSE,

      Plaintiff,

v.

COLORADO STATE BOARD OF PAROLE and
PAROLE OFFICER SHERRI STONEKING,

      Defendants.

---

**ORDER AFFIRMING AND ADOPTING**
**UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION**

I.    INTRODUCTION

This matter is before the Court on Defendants' Renewed Motion to Dismiss Complaint [# 65], which was filed on October 3, 2005. The matter was referred to Magistrate Judge Watanabe for a recommendation by Order of Reference dated December 17, 2004. Magistrate Judge Watanabe issued a Recommendation on May 30, 2006, which is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), D.C.COLO.LCivR. 72.1. Magistrate Judge Watanabe recommends therein that "defendants' motion be granted to the extent that the plaintiff's claims against the Parole Board and any claim against defendant Stoneking in her official capacity be dismissed. It is further recommended that the defendants' motion be denied, without prejudice, with respect to any claim for damages against defendant Stoneking in her individual capacity." (Recommendation at 6.)

Magistrate Judge Watanabe advised the parties that they had ten (10) days to serve and file written, specific objections to the Recommendation. (*Id.*) On June 6, 2006, Plaintiff filed a timely Objection, which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).

II.     BACKGROUND

Plaintiff's Amended Complaint, filed on November 8, 2004, asserts that Defendants wrongfully imprisoned him. Specifically Plaintiff claims Defendants incarcerated him on an alleged parole violation past his statutory discharge date of June 18, 2004. (Am. Compl. at 3.) Plaintiff argues that the Colorado Parole Board as well as Parole Officer Sherri Stoneking "refused to revoke Plaintiff on parole complaint filed by Parole Officer Sherri Stone King and also refused to allow Plaintiff to self revocate his parole." (*Id.*) On October 13, 2004, Plaintiff was given a parole revocation hearing, and his parole was revoked. (*See* Defs.' Br. in Supp. of Defs.' Renewed Mot. to Dismiss Compl. [hereinafter Defs.' Br.] at 2.) Upon revocation of his parole, Plaintiff's sentence was deemed discharged. (*Id*). Because the Parole Board is no longer holding Plaintiff, only Plaintiff's claim for damages remains. (*Id.*)

III.    ANALYSIS

As a preliminary matter, I point out that the Court had difficulty determining what Plaintiff's objections to Magistrate Judge Watanabe's Recommendation were. Apart from one objection regarding absolute and qualified immunity, Plaintiff's objections are

not specific. Instead, Plaintiff makes a general objection regarding the Parole Board, and generally objects to granting Defendants' motion in any part. (Pl.'s Resp. to Recommendation ¶¶ 1, 4.) Despite the general nature of Plaintiff's objections, I will address each of Magistrate Judge Watanabe's recommendations.

Plaintiff's first general objection to Magistrate Judge Watanabe's Recommendation is that "nothing is said about the Colorado State Board of Parole and their role in this treatment." (*Id.* ¶ 1.) Contrary to Plaintiff's objection, Magistrate Judge Watanabe did make a recommendation regarding the Parole Board. (*See* Recommendation at 4.) Magistrate Judge Watanabe recommended that Plaintiff's claims against the Parole Board be dismissed because "[t]he Eleventh Amendment bars claims for damages against entities that are arms or instrumentalities of a state. A parole board is an instrumentality of a state." (*Id.* (quoting *Giese v. Scafe*, 133 Fed.Appx 567, 2005 WL 1332315, *1 (10th Cir. June 7, 2005)(citation omitted))). I agree with Magistrate Judge Watanabe that the Parole Board is immune from liability pursuant to the Eleventh Amendment and that Plaintiff's claims against the Parole Board should be dismissed.

Next I address Plaintiff's objection concerning absolute and qualified immunity. Magistrate Judge Watanabe points out that Plaintiff gives no indication whether Defendant Stoneking is being sued in her official or individual capacity. (Recommendation at 4.) Magistrate Judge Watanabe recommends the claims against Defendant Stoneking in her official capacity be dismissed. (*Id.*) Plaintiff does not specifically object to this recommendation. Nonetheless, I agree with Magistrate Judge

Watanabe that "[t]he Eleventh Amendment precludes a federal court from assessing damages against state officials sued in their official capacities because such suits are in essence suits against the state." (*Id.* (quoting *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994))).

However, if Defendant Stoneking is being sued in her individual capacity, "[t]he Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability." *Hafer v. Melo,* 502 U.S. 21, 31 (1991). Defendants argue that any claims against Defendant Stoneking in her individual capacity must be dismissed because *Heck v. Humphrey*, 512 U.S. 477 (1994), requires Plaintiff to obtain a judgment invalidating his imprisonment before damages can be acquired for wrongful imprisonment. (Defs.' Br. at 6.) In *Heck*, the U.S. Supreme Court held that in order for a plaintiff to recover damages for an unconstitutional conviction or imprisonment, a plaintiff must prove that the conviction or sentence was invalid. *Heck*, 512 U.S. at 486-87. However, if the validity of the conviction or sentence would not be called into question by a successful action, a plaintiff need not obtain a judgment invalidating the conviction or sentence in order to recover. *Id.* at 487. Magistrate Judge Watanabe found that "[w]hile the plaintiff is claiming unlawful imprisonment, judgment in his favor would not imply the invalidity of the plaintiff's conviction or sentence." (Recommendation at 5.) I agree with Magistrate Judge Watanabe on this point. Plaintiff contends that Defendants imprisoned him beyond his statutory release date, not that his original conviction was invalid. In fact, "Plaintiff has *never* questioned Parole Officers Authority or right to arrest him." (Pl.'s Resp. to Mot. to Dismiss ¶ 4.)

4

Therefore, I find that *Heck* does not apply because "the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff." *Heck,* 512 U.S. at 487; *see also Martinez v. City of Albuquerque*, 184 F.3d 1123, 126-127 (10th Cir. 1999).

IV.  CONCLUSION

For the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge Watanabe dated May 30, 2006 is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

ORDERED that the Defendants' Renewed Motion to Dismiss Complaint is **GRANTED IN PART AND DENIED IN PART**.  Defendants' motion is granted in that the claims against the Parole Board and Defendant Stoneking in her official capacity are dismissed.  However, Defendants' motion is denied, without prejudice, in that any claim for damages against Defendant Stoneking in her individual capacity will remain.

Dated:  July 11, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge