IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **04-cv-02248-WYD-MJW**

WILLIS ROUSE,

Plaintiff,

v.

PAROLE OFFICE[R] SHERRI STONEKING,

Defendant.

### RECOMMENDATIONS ON
### PLAINTIFF'S MOTION ON FUTHER [sic] SUPPORT : MOTION FOR SUMMARY JUDGMENT (Docket No. 78) and
### DEFENDANT STONEKING'S MOTION FOR SUMMARY JUDGMENT (Docket No. 86)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to a General Order of Reference to United States Magistrate Judge issued by District Judge Wiley Y. Daniel on December 17, 2004 (Docket No. 16).

When this action was commenced, pro se plaintiff Willis L. Rouse was in the custody of the Adams County Detention Facility at Brighton, Colorado. He is now in the custody of the Colorado Department of Corrections ("CDOC"). In his Amended Complaint, filed on November 8, 2004 (Docket No. 7), he raises one claim of "Wrongful Imprisonment" (Am. Compl. at 4). Plaintiff asserts that he was incarcerated on an alleged parole violation from July 25, 2003, to well beyond his June 18, 2004, statutory discharge date. He claims that on May 26, 2004, the

2

> Parole Board and Parole Officer refused to revoke Plaintiff on parole complaint filed by Parole Officer Sherri Stone King and also refused to allow Plaintiff to self revoke his parole which violates CRS 17-2-103.5 in which Plaintiff would be allowed to self revoke parole at any time during a revocation proceedings because Plaintiff has multiple technical violations besides his pending charges.  Both Parole Officer and Parole Board refused to let plaintiff self revoke or even to plead guilty to technical parole violations to end or close the open complaint and the Board set his next hearing for 6 months in the future which has denied Plaintiff his due rights process [sic] on pending charges along with has wrongfully kept him imprisoned beyond his allready [sic] served term.

(Am. Compl. at 3).

Plaintiff seeks the following relief in his Amended Complaint:

> For my parole to be discharged as my statutory discharge date has pasted [sic], For me to be allowed due Process on pending charges and to be released from my wrongful imprisonment and finally to be compensated for everyday I've been wrongfully imprisoned.  From June 18, 2004 to date 136 days as of this writing at $500.00 a day would be $68,000.00 to date and any further days that due rights are being violated and and [sic] Attorney fees that may be accured [sic].

(Am. Compl. at 8).

Plaintiff was finally given a parole revocation hearing on October 13, 2004, at the conclusion of which his parole was revoked.  Upon revocation of his parole, his sentence was deemed discharged, and the Parole Board is no longer holding the plaintiff.

On May 30, 2006, this court issued a Recommendation on Defendants' Renewed Motion to Dismiss Complaint.  (Docket No. 77).  Pursuant to an Order Affirming and Adopting United States Magistrate Judge's Recommendation issued by Judge Daniel on July 11, 2006 (Docket No. 83), the only claim remaining in this action is plaintiff's claim for damages against defendant Parole Officer Stoneking in her

individual capacity.

On the same day this court issued the above-mentioned Recommendation, plaintiff filed a Motion on Further [sic] Support : Motion for Summary Judgment (Docket No. 78), which is now before the court.  Stoneking has not responded to this motion.  However, ten days after Judge Daniel's Order was issued, Stoneking moved for summary judgment (Docket No. 86).  That motion is also before this court.  Plaintiff filed a response to that motion.  (Docket No. 90).  The court now being fully informed makes the following findings, conclusions, and recommendations on the two motions for summary judgment.

Rule 56(c) provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  "A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial."  Robertson v. Board of County Comm'rs of the County of Morgan, 78 F. Supp.2d 1142, 1146 (D. Colo. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Mares v. ConAgra Poultry Co., 971 F.2d 492, 494 (10th Cir. 1992)).  "Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in the complaint, but must respond with specific facts showing the existence of a

4

genuine factual issue to be tried. . . .  These facts may be shown 'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings by themselves.'" Southway v. Central Bank of Nigeria, 149 F. Supp.2d 1268, 1273 (D. Colo. 2001), aff'd, 328 F.3d 1267 (10th Cir. 2003).

"Summary judgment is also appropriate when the court concludes that no reasonable juror could find for the non-moving party based on the evidence presented in the motion and response." Southway, 149 F. Supp.2d at 1273.  "The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. . . . Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient . . . as are conclusory assertions that factual disputes exist." Id.; Robertson, 78 F. Supp.2d at 1146 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); quoting White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995)).  "Evidence presented must be based on more than 'mere speculation, conjecture, or surmise' to defeat a motion for summary judgment." Southway, 149 F. Supp.2d at 1274.  "Summary judgment should not enter if, viewing the evidence in a light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party." Id. at 1273.

Since the plaintiff is not an attorney, his pleadings have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  Therefore, "if the court can reasonably read the pleadings to

state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

In his motion, plaintiff states that he is "submitting further support to his claims that the Parole Officer Sherri Stoneking (Stoneking) and the Parole Board ( Board) [sic] acted outside the scope of their employment and to respectfully request that this Honorable Court grant plaintiffs [sic] motion for summary judgment." (Docket No. 78 at 1). More specifically, plaintiff asserts the following in his motion. He cites Colorado Dep't of Corrections v. Maddison, 85 P.3d 542 (Colo. 2004), and Goetz v. Gunter, 830 P.2d 1154 (Colo. App. 1992), to support his contention that pending charges do not automatically constitute good cause to delay a parole hearing for resolution of an underlying criminal case, but if technical violations have been alleged, the Board need not continue the revocation hearing. Therefore, plaintiff further contends in his motion that statutes recognize that there are circumstances in which the Board should proceed with the hearing even if one of the serious charges listed in § 17-2-103.5, C.R.S., is pending. He contends that only under "limited" conditions does the Board lack any discretion and must continue a revocation hearing. He further claims that statutes allow him to plead guilty to all charges, both technical and pending criminal charges, "as 17-2-103 (9)(a) 'alows [sic] testimony that can not be used against the offender/parolee in his criminal case, 17-2-103 (9)(b) address' that if a parolee has

been convicted of a criminal offense said conviction is conclusive and the board 'SHALL' conduct a hearing as to the disposition of the parole only." (Docket No. 78 at 3). He also contends that "[t]his same statue [sic] also supports that the board may revoke the parole at any any [sic] time during a parole revocation hearing at the request of the parolee." (Docket No. 78 at 3).

Plaintiff states that he asked to plead guilty to all charges, but his request was denied, and he gave conclusive proof of a Denver County conviction through letters to both the Board and the parole officer, but he was still denied the right to self-revocate or plead guilty. In addition, plaintiff contends that he was denied his right to due process of law, namely, to post bond on pending charges, and was denied his freedom from June 18, 2004, through October 25, 2004, solely because the parole officer and the board acted outside the scope of their employment. He claims "he is entitled to compensation for the rights that have been violated and for his lost fredom [sic], the lost time between his new born child in which [sic] can never be replaced and for the severing [sic] he has sustained in a form of cruel and unusual punishment." (Docket No. 78 at 4-5).

Stoneking moves for summary judgment on the following grounds: (1) the Complaint fails to allege facts which, if proven, would demonstrate her personal participation; (2) she is entitled to qualified immunity; and (3) plaintiff fails to provide evidence of injury because he was also being held on a pending Adams County District Court case in which he subsequently pled guilty to stalking, and from October 18, 2004, when plaintiff was discharged on the sentences he was serving parole, until February

25, 2005, when he was sentenced on the Adams County case, he failed to post bond and remained in the custody of Adams County on the new charge.[1]

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997). This court agrees with the defendant that the Amended Complaint fails to allege facts which, if proven, would demonstrate her personal participation in the constitutional violations alleged. It is the Parole Board, not the parole officer (in this case Stoneking), which has the sole authority to hold hearings on parole revocation, continue the hearing, and revoke parole. See § 17-2-103, C.R.S. Stoneking is an employee of the CDOC and is not a Parole Board member or even an employee of the Parole Board. Therefore, even though Stoneking may have been present and participated in some or even all of the plaintiff's parole hearings, she did not have the authority to hold or continue the plaintiff's revocation hearing, and she was thus not responsible for the revocation hearing being held beyond the plaintiff's discharge date. Consequently, this court finds that the plaintiff has failed to show the requisite affirmative link between Stoneking's conduct and the alleged constitutional violations. Stidham v. Peace Officer Standards & Training, 265 F.3d 1144, 1156-57 (10th Cir. 2001); Neely v. McGarry, 2006 WL 1749411, *12 (D. Colo. June 22, 2006). Stoneking's motion for summary judgment should thus be granted, and plaintiff's motion should be denied, on this ground. There is thus no need to address Stoneking's two additional

---

[1] According to the defendant, the plaintiff subsequently pled guilty to stalking in the Adams County case, and he is currently serving a four-year sentence in the custody of the CDOC.

8

arguments in support of her motion.

**WHEREFORE**, for the foregoing reasons, it is hereby

**RECOMMENDED** that the plaintiff's Motion on Futher [sic] Support : Motion for Summary Judgment, which was filed on May 30, 2006 (Docket No. 78), be **denied**. It is further

**RECOMMENDED** that Defendant Stoneking's Motion for Summary Judgment, which was filed on July 21, 2006 (Docket No. 86), be **granted**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated: September 21, 2006              s/ Michael J. Watanabe
       Denver, Colorado                Michael J. Watanabe
                                       United States Magistrate Judge