IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 04-cv-2248 WYD

WILLIS ROUSE,

      Plaintiff,

v.

COLORADO STATE BOARD OF PAROLE and PAROLE OFFICER SHERRI
STONEKING,

      Defendants.

---

**ORDER AFFIRMING AND ADOPTING**
**UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION**

---

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Plaintiff's Motion on Futher [sic] Support:

Motion for Summary Judgment [# 78], filed May 30, 2006 and Defendant Stoneking's

Motion for Summary Judgment [# 86], filed July 21, 2006.  Both matters were referred

to Magistrate Judge Watanabe for a recommendation by Order of Reference.

Magistrate Judge Watanabe issued a Recommendation of United States Magistrate

Judge on September 21, 2006, which is incorporated herein by reference.  *See* 28

U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), D.C.COLO.LCivR. 72.1.

II.    <u>BACKGROUND</u>

On September 28, 2006, Plaintiff filed his Objection to Magistrates

Recommendations on Docket # 78 and Docket # 86 [# 102], which necessitates a *de*

*novo* determination as to those specified proposed findings or recommendations to

which objection is made since the nature of the matter is dispositive.  FED. R. CIV. P.

72(b); 28 U.S.C. § 636(b)(1).

III.    RECOMMENDATION OF MAGISTRATE JUDGE

        A.    Plaintiff's Motion for Summary Judgment

        Magistrate Judge Watanabe notes that in this prison inmate civil rights case filed

under 42 U.S.C. § 1983, "Plaintiff asserts that he was incarcerated on an alleged

parole violation from July 25, 2003, to well beyond his June 18, 2004, statutory

discharge date."  Recommendation at 1.  Plaintiff requests damages, discharge of his

parole, due process on his pending charges, and to be released from wrongful

imprisonment.  Recommendation at 2.

        After laying out the standard for granting summary judgment, Magistrate Judge

Watanabe proceeded to review the merits of Plaintiff's motion.  Magistrate Judge

Watanabe states that Plaintiff is requesting summary judgment on his claims that

Parole Officer Sherri Stoneking (Stoneking) and the Parole Board (Board) acted

outside the scope of their employment.  Recommendation at 5.  Magistrate Judge

Watanabe further states that Plaintiff "asked to plead guilty to all charges, but his

request was

denied, and he gave conclusive proof of a Denver County conviction through letters to

both the Board and the parole officer, but he was still denied the right to self-revocate

or plead guilty."  Recommendation at 6.  Additionally, "Plaintiff contends that he was

denied his right to due process of law, namely, to post bond on pending charges, and

was denied his freedom from June 18, 2004, through October 25, 2004, solely because

the parole officer and the Board acted outside the scope of their employment."

Recommendation at 6.

      B.    <u>Defendant Stoneking's Motion for Summary Judgment</u>

      Magistrate Judge Watanabe also reviewed Defendant Stoneking's Motion for

Summary Judgment.  Defendant Stoneking moves for summary judgment on the

following grounds: (1) the Complaint fails to allege facts which, if proven, would

demonstrate her personal participation; (2) she is entitled to qualified immunity; and (3)

Plaintiff fails to provide evidence of injury. . . ."  Recommendation at 6.  Magistrate

Judge Watanabe agreed with Defendant Stoneking that "the Amended Complaint fails

to allege facts which, if proven, would demonstrate her personal participation in the

constitutional violations alleged."  Recommendation at 7.  "It is the Parole Board, not

the parole officer . . . which has the sole authority to hold hearings on parole

revocation,

continue the hearing, and revoke parole.  See § 17-2-103, C.R.S.  Stoneking is an

employee of the CDOC and is not a Parole Board member or even an employee of the

Parole Board."  Recommendation at 7.

      Magistrate Judge Watanabe found that even though Stoneking may have been

present and participated in the Plaintiff's parole hearings, Stoneking did not have the

authority to hold or continue the Plaintiff's revocation hearing.  Therefore, she was not

responsible for the revocation hearing being held after the Plaintiff's discharge date.

Recommendation at 7.  Accordingly, Magistrate Judge Watanabe concluded that the

Plaintiff "failed to show the requisite affirmative link between Stoneking's conduct and

the alleged constitutional violations."  Recommendation at 7.  Based on this analysis,

Magistrate Judge Watanabe recommended that Plaintiff's motion be denied, and

Defendant Stoneking's Motion for Summary Judgment be granted.  In light of this

decision, Magistrate Judge Watanabe did not address Defendant Stoneking's two

additional arguments in support of her motion.  Recommendation at 7-8.

IV.    PLAINTIFF'S OBJECTIONS

First, Plaintiff objects and requests the Court allow him to add a party to the

Complaint.  Second, Plaintiff states that he has attempted "to the best of his abilities" to

show that Defendant Stoneking operated outside the scope of her employment and

authority.  Objections at 2.  Third, Plaintiff objects and states that he has shown a

"direct" involvement of Defendant Stoneking in his parole process.  Plaintiff further

states that the direct connection lies within Defendant Stoneking's job description.

Objections at 2.  Fourth, Plaintiff objects to the Magistrate Judge's Recommendations

and argues that he has shown conclusive proof of the wrongful actions "placed upon

Plaintiff by the Defendants . . . ."  Objections at 3-4.  Fifth, Plaintiff is "at a loss as to

how the Magistrate cannot see the connection between Stoneking and the violations

that have taken place."  Objections at 4.  Sixth, Plaintiff objects that he has followed

every order and "believes he has ineffectively presented his case and counsel should

have been appointed."  Objections at 4.  Seventh, Plaintiff objects to the Magistrate's

finding that he failed to show "a connection between Stoneking and my allegations . . .

."  Objections at 5.  Eighth, Plaintiff states that it is the responsibility of the parole officer

to file the paperwork to terminate or discharge the terms of parole.  Finally, Plaintiff

states that the denial of both an evidentiary hearing and the transcription of the hearing tapes is "hiding the truth about these peoples actions."  Objections at 6.

Magistrate Judge Watanabe recommends that Plaintiff's Motion for Summary Judgment be denied and Defendant Stoneking's Motion for Summary Judgment be granted because Plaintiff failed to demonstrate Defendant Stoneking's personal participation in the alleged constitutional violations.  I agree.  Plaintiff's objections are not persuasive.  Plaintiff repeatedly makes the same argument that he disagrees with Magistrate Judge Watanabe's recommendation and reiterates his claim that Defendant Stoneking is responsible for his alleged Constitutional violations.  Since Defendant Stoneking is the only Defendant in this matter, I concur with Magistrate Judge Watanabe that because the Defendant does not have the statutory authority to hold hearings on parole revocation, continue the hearing, or revoke parole, Plaintiff's Motion for Summary Judgment must be denied and Defendant's Motion for Summary Judgment must be granted.  Accordingly, the Recommendation of Magistrate Judge Watanabe is affirmed and adopted.

## V.    OTHER REQUESTED RELIEF

Plaintiff's requests for an evidentiary hearing, adding a party to the case, and the appointment of counsel are all denied.  These are not proper objections.  "[A] party's objections to the magistrate judge's report and recommendation must be . . . specific to preserve an issue for de novo review by the district court."  *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).

## VI.    CONCLUSION

For the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge Watanabe [# 100] issued on September 21, 2006 is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

FURTHER ORDERED that Plaintiff's Motion on Futher [sic] Support: Motion for Summary Judgment [# 78] is **DENIED**.  It is

FURTHER ORDERED that Defendant Stoneking's Motion for Summary Judgment [# 86] is **GRANTED**.

Dated:  January 16, 2007

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge